# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION AT CHATTANOOGA

IN RE:

EDWARD G. JONES
CAROLYN G. JONES

      Debtors

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING as Servicer and
Attorney-in-Fact for U.S. Bank, National
Association, not in its individual capacity, but
solely as Trustee of the New Residential Mortgage
Loan Trust 2020-NPL1,

      Plaintiff,

vs.

EDWARD G. JONES; CAROLYN G. JONES;
CLIFTON R. HENRY, Trustee; ATLANTIC
CAPITAL BANK, NATIONAL ASSOCIATION
f/k/a FSGBANK, N.A.; BRENDA LAWSON &
ASSOCIATES, LLC; MICHAEL BROWN,
Trustee and any successor trustee; HSBC
FINANCE CORPORATION survivor-by-merger
with HOUSEHOLD FINANCIAL CENTER, INC.;
BANK OF AMERICA, N.A.; LEATRI POINTER;
HEALTHCARE SERVICES CREDIT UNION;
ENDODONTIC GROUP, PC; TENNESSEE
VALLEY FEDERAL CREDIT UNION;
MIDLAND FUNDING, LLC; ELISABETH B.
DONNOVIN, Chapter 7 Trustee; and all those
claiming any interest in real property situated in
Hamilton County and commonly known as 6002
Hancock Road and shown as Hamilton County
Assessor as Parcel ID 148P A 019.

      Defendants.

Case #:  18-11658 SHB
Chapter 7

## COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF

Comes Plaintiff, Newrez LLC d/b/a Shellpoint Mortgage Servicing as Servicer and Attorney-in-Fact for U.S. Bank, National Association, not in its individual capacity, but solely as Trustee of the New Residential Mortgage Loan Trust 2020-NPL1 ("Plaintiff"), by counsel, pursuant to Fed. R. Bankr. P. 7001, and for its cause of action, would show as follows:

## INTRODUCTION

Plaintiff brings the instant adversary proceeding against the Defendants in order to quiet title with respect to certain real property located at 5950 and 6002 Hancock Road, Chattanooga, Tennessee 37421 (the "Property"), which is more particularly described in the body of this Complaint.

Specifically, Plaintiff seeks the following declaratory and equitable relief:

a. Declaratory relief with respect to the interest(s) of certain parties in the Property, without limitation those of the Chapter 7 Trustee;

b. Reformation of a release that incorrectly identified the street address for the 6002 Hancock Street property, creating confusion as to whether that deed continues to encumber title;

c. Reformation of a later deed that was intended to secure repayment of refinance loan with respect to the Property but failed to expressly describe the entirety within that instrument;

d. Declaratory relief as to the relative priority of certain liens on the Property, based upon the reformation of the above instruments; and

e. Declaratory relief quieting title to the Property, subject to the above reformations and other requested relief.

## VENUE AND JURISDICTION

1. On April 16, 2018, Edward G. Jones and Carolyn G. Jones ("Debtors") filed a Voluntary Petition for Chapter 13 Bankruptcy. [**Doc. #1**]. On October 9, 2019, by Order of this Court, this case was converted to Chapter 7. [**Doc. # 235**]

2. This Court has jurisdiction over this adversary proceeding as a core proceeding pursuant to 28 U.S.C. §§157(a), (k), and (o).

3. This Court is the appropriate venue for this adversary proceeding pursuant to §1334, inasmuch as this is an action with respect to title to real property situated entirely within Hamilton County, Tennessee, which County lies entirety within the Southern Division of the Eastern District of Tennessee, and inasmuch as this Division of this District is where the Debtors initiated their initial Voluntary Petition.

## PARTIES

4. Plaintiff is a Delaware limited liability company duly authorized to transact business in the State of Tennessee.

5. By virtue of their Voluntary Petition, Debtors have subjected themselves to the jurisdiction of this Court.

6. Defendants Atlantic Capital Bank, National Association F/K/A FSG Bank, N.A.; Bank Of America, N.A.; Brenda Lawson & Associates, LLC; Healthcare Services Credit Union; And Tennessee Valley Federal Credit Union have each filed claims in this case and are consequently subject to the jurisdiction of this Court.

7. Elisabeth B. Donnovin ("Chapter 7 Trustee") is the acting Chapter 7 Trustee in this proceeding and is therefore subject to the jurisdiction of this Court.

8. Defendant, Clifton R. Henry ("Mr. Henry"), is a citizen and resident of Hamilton County, Tennessee, who may be served with process at his principal place of business, Suite 100, Volunteer Building, 832 Georgia Avenue, Chattanooga, TN 37402.

9. Defendant, Michael Brown, Trustee ("Mr. Brown"), was at some pertinent time a citizen and resident of State of Tennessee, but whose identity is presently unknown to Plaintiff, who therefore, along with the office of any such trustee or successor trustee, may be served with process by attachment and publication in accordance with Fed. R. Civ. P. 4(e) and other applicable law.

10. To the extent that Plaintiff is unable to obtain service of process personally upon Defendant Michael Brown, Trustee, inasmuch as Plaintiff is without knowledge as to the particular identity of said defendant (on account of his name being quite common) or of said defendant's address where he may amenable to ordinary service of process; and in the absence of any recorded appointment of any successors trustee; and as to any unknown claimants with respect to the Property, Plaintiff may obtain service of process upon such unknown defendants, including, without limitation, the office of trustee, and/or any successor trustee, by attachment and publication in accordance with Fed. R. Civ. P. 4(e) and other applicable law.

11. Defendant, HSBC Finance Corporation, is a Delaware corporation, which may be served with process, pursuant to Tennessee's Long Arm Statutes, in care of its Delaware Registered Agent, The Corporation Trust Company, at its Registered Agent address, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

12. Upon conducting reasonable inquiry, Plaintiff alleges that Defendant, Leatri Pointer ("Ms. Pointer"), is a citizen and resident of the Hamilton County, Tennessee, who may be served with process at her last known address: 3424 Vinewood Drive, Chattanooga, TN 37406.

13. Defendant, Endodontic Group, PC, is a Tennessee corporation, which may be served with process in care of its Registered Agent, Kevin P. Bryant, at its Registered Agent address, 1001 Carter Street, Chattanooga, TN 37402-5014.

14. Defendant, Midland Funding, LLC, is a Delaware limited liability company, which may be served with process pursuant to Tennessee's Long Arm Statutes, in care of its Delaware Registered Agent, Corporation Service Company, at its Registered Agent address, 251 Little Falls Drive, Wilmington, DE 19808.

## FACTUAL BACKGROUND

15. The real property Plaintiff places at issue in this cause is commonly known as 6002 and 5950 Hancock Road, Chattanooga, Tennessee 37421, shown in the records of the Hamilton County Assessor as Parcel ID 148P A 019 and 148P A 019.01, respectively, and is more fully described as follows:

> Being all of Lots Fourteen (14), Fifteen (15), and Sixteen (16), Block A, Rosemont Subdivision, dated August 1, 1928, as shown by plat of record in Plat Book 12, Page 22, in the Register's Office for Hamilton County, Tennessee, recorded August 23, 1928, to which map references expressly made for and more particular description.
>
> Being the same property conveyed in part, as to the aforementioned Lot 14 and Lot 15 to Edward G. Jones and wife, Carolyn G. Jones, by Quitclaim Deed dated February 12, 1999 from Jocelyn Conyers (joined by her husband, Fred Conyers), and Carolyn G. Jones (joined by her husband, Edward G. Jones), joint tenants with right of survivorship, of record with the Register for Hamilton County, Tennessee in Book 5305, Page 335, recorded on March 9, 1999; and as to the aforementioned Lot 16, by Quitclaim Deed dated February 16, 1999, from Albert Flippin, widower, and Jocelyn Conyers, married, and Carolyn G. Jones, married, being the sole heirs at law of Paralee Goolsby, of record with the Register for Hamilton County, Tennessee in Book 5305, Page 331, recorded on March 9, 1999.

(the foregoing three lots collectively being the "Property," and individually as Lot 14, Lot 15, and Lot 16, respectively). A true copy of the recorded plat referenced in the foregoing legal description

(with highlighting of the Property added) is attached hereto as **Exhibit 1** (original, without highlighting, but containing an enlarged as inset of the pertinent portion, attached as **Exhibit 1a**) (the "Plat"); and a true copy of a Hamilton County GIS map (with lot numbers and distances added) is attached hereto as **Exhibit 2**, and Plaintiff requests that the Court take judicial notice of these public records (excluding the matters recited as "added" to these documents).

16. The matters added to Exhibit 2, *i.e.*, depictions of the relative locations of Lot 14, Lot 15, and Lot 16, and the dividing line between Lot 14 and Lot 15, are true and accurate representations of the relative sizes, shapes, and locations of the respective parcels.

17. As set forth in the derivation clause in paragraph 16, hereinabove, Debtors obtained title to the entirety of the Property in approximate the same week, by deeds which appear, based upon the recording stickers, to have been recorded simultaneously.

18. As shown on Exhibit 2, 6002 Hancock Road consists of both Lot 14 and Lot 15 and includes improvement, a single family residential dwelling, which is roughly half situated on Lot 14 and roughly half situated on Lot 15 (said improvement being the "Dwelling").

19. Attached hereto as **Exhibit 3** is an "Unofficial Property Card" from the Hamilton County Assessor (the "6002 Hancock Road Property Card"), which constitutes a government record which contains information which is accurate reliable so as not to be subject to reasonable dispute, and Plaintiff requests the Court take judicial notice of this instrument.

20. The 6002 Hancock Road Property Card indicates that the Dwelling was constructed in 1953, approximately 25 years after the date of the Plat.

21. On April 29, 2000, Debtors conveyed Lot 15 to Michael Brown, Trustee for the benefit of Banc One Financial Services of Tennessee, Inc. by Deed of Trust, of record with the Register for Hamilton County, Tennessee, in Book GI 5589, Page 428, recorded on May 3, 2000,

securing repayment of an indebtedness in the initial principal amount of $62,208.93 (the "2000 Deed of Trust").

22. On July 24, 2000, Banc One Financial Services of Tennessee, Inc. assigned the 2000 Deed of Trust and the indebtedness thereby secured to Household Financial Center, Inc. ("Household"), by Assignment of Deed of Trust (executed on July 24, 2000, but stating "DATE OF TRANSFER" as March 31, 2000), of record with the Register for Hamilton County, Tennessee, in Book GI 5674, Page 576, recorded on September 6, 2000.

23. Based upon the records of the Tennessee Secretary of State, (the "SoS"), HSBC Finance Corporation ("HSBC") is the surviving entity by merger with Household.

24. The business and/or government record of the SoS evidencing the merger of Household into HSBC upon which Plaintiff relies to establish the occurrence of such merger is attached hereto as **Exhibit 4**, and Plaintiff requests the Court take judicial notice of this record.

25. Given that the Dwelling is situated upon both Lot 14 and Lot 15, the conveyance of only Lot 15 by the 2000 Deed of Trust must have been in error.

26. By Deed of Trust dated October 31, 2003, of record with the Register for Hamilton County, Tennessee, in Book GI 6920, Page 190, recorded on November 5, 2003, Debtors conveyed Lot 15 and Lot 16 in trust to Title Services of Tennessee, Trustee, for the benefit of New Century Mortgage Corporation, securing repayment of an indebtedness in the initial principal amount of $74,700.00 (the "First Deed of Trust").

27. The indebtedness the First Deed of Trust secures (the "Loan") is a "refinance" with respect to the indebtedness the 2000 Deed of Trust secured.

28. A true copy of a Settlement Statement with respect to the refinance of the indebtedness the 2000 Deed of Trust secured which, in turn, is the indebtedness the First Deed of

7

Trust secures is attached hereto as **Exhibit 5**, and proceeds from the Loan paid off and satisfied the such prior indebtedness.

29. An "Appraisal of Real Property" ultimately taken on behalf of New Century Mortgage Corporation with respect to the indebtedness the First Deed of Trust secures is attached hereto as **Exhibit 6** (the "Appraisal"). The Appraisal is a valuation of the entire Property.

30. Based upon, *inter alia*, the lands included within the Appraisal, and that the Dwelling is situated upon both Lot 14 and Lot 15, the conveyance of only Lot 15 and Lot 16 by the First Deed of Trust was in error. The parties to the loan refinanced transaction secured by the First Deed of Trust intended that the entirety of the Property, and not just Lot 15 and Lot 16, *i.e.*, also Lot 14, be included as collateral securing repayment of the indebtedness the First Deed of Trust secures.

31. Following the closing of the Loan, Household caused the recordation of a "Tennessee Full Release," dated November 19, 2003, of record with the Register for Hamilton County, Tennessee in Book GI 6943, Page 185, recorded on November 25, 2003 (the "Release").

32. A true copy of the Release is attached hereto as **Exhibit 7**, and Plaintiff requests the Court take judicial notice of this record.

33. The Release recites the book and page recording information for the 2000 Deed of Trust but identifies a different property by address than in the 2000 Deed of Trust, *i.e.*, real property other than Lot 15.

34. By Corporate Assignment of Deed of Trust dated May 15, 2018, New Century Mortgage Corporation by its attorney-in-fact Ocwen Loan Servicing, LLC assigned the First Deed of Trust and the indebtedness thereby secured to U.S. Bank National Association, as Trustee under Pooling and Servicing Agreement dated as of January 1, 2004, Asset-Backed Securities

8

Corporation Home Equity Loan Trust 2004-HE1 Asset-Backed Pass Through Certificates Series 2004-HE1, of record with the Register for Hamilton County, Tennessee, in Book GI 11351, Page 692, recorded on May 22, 2018.

35. By an unrecorded assignment, in 2020, U.S. Bank National Association, not in its individual capacity but solely as Trustee of the New Residential Mortgage Loan Trust 2020-NPL1, took assignment of the First Deed of Trust and the indebtedness thereby secured (the "Trust"); Plaintiff is the servicer for the Trust and is attorney-in-fact for the Trust and in such capacities may act on behalf of and bind the Trust with respect to matters including, *inter alia*, initiation of legal proceedings, *e.g.*, the instant civil cause of action, which Plaintiff may deem appropriate for the benefit of the Trust.

36. On March 11, 2011, *i.e.*, more than seven years after the date of the First Deed of Trust, Debtors conveyed, among other lands, the Property, to Clifton R. Henry, Trustee, for the benefit of FSG Bank, N.A. ("FSG") and Brenda Lawson & Association, LLC, by Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, of record with the Register for Hamilton County, Tennessee, in Book GI 9367, Page 767, recorded on March 16, 2011, securing repayment of an indebtedness in the initial principal amount of $2,100,000.00 (the "Second Deed of Trust").

37. Based upon the records of the Federal Deposit Insurance Corporation (the "FDIC"), Atlantic Capital Bank, National Association ("Atlantic Capital") is the surviving entity by merger with FSG.

38. The business and/or government record of the FDIC evidencing the merger of FSG into Atlantic Capital upon which Plaintiff relies to establish the occurrence of such merger is attached hereto as **Exhibit 8**, and Plaintiff requests the Court take judicial notice of this record.

**JUDGMENT CREDITORS**

39. On August 25, 2014, Healthcare Services Credit Union obtained a judgment against Edward Jones and Carolyn Jones in the General Sessions Court for Hamilton County, Tennessee, in the amount of $12,995.28, which appears of record with the Register for Hamilton County, Tennessee in Book GI 10292, Page 538, recorded on September 2, 2014 (the "Healthcare Services Judgment").

40. On June 1, 2015, Tennessee Valley Federal Credit Union obtained a judgment against Edward G. Jones and Carolyn G. Jones in the General Sessions Court for Hamilton County, Tennessee, in the amount of $14,759.19, which appears of record with the Register for Hamilton County, Tennessee in Book GI 11263, Page 676, recorded on February 2, 2018 (the "Tennessee Valley Judgment").

41. On May 2, 2016, Endodontic Group, PC obtained a judgment against Carolyn Jones in the General Sessions Court for Hamilton County, Tennessee, in the amount of $788.07, which appears of record with the Register for Hamilton County, Tennessee in Book GI 11263, Page 678, recorded on February 2, 2018 (the "Endodontic Judgment").

42. On January 30, 2017, Bank of America, N.A. obtained a judgment against Edward Jones in the General Sessions Court for Hamilton County, Tennessee, in the amount of $13,610.35, which appears of record with the Register for Hamilton County, Tennessee in Book GI 11145, Page 667, recorded on September 5, 2017 (the "Bank of America Judgment").

43. On September 25, 2017, Leatri Pointer obtained a judgment against Edward Jones in the General Sessions Court for Hamilton County, Tennessee, in the amount of $3,000.00, which appears of record with the Register for Hamilton County, Tennessee in Book GI 11299, Page 30, recorded on March 21, 2018 (the "Pointer Judgment").

44. On March 3, 2020, Midland Funding, LLC obtained a judgment against Carol Jones (who may be one in the same person as Defendant Carolyn Jones) in the General Sessions Court for Hamilton County, Tennessee, in the amount of $2,633.70, which appears of record with the Register for Hamilton County, Tennessee in Book GI 11995, Page 900, recorded on May 8, 2020 (the "Midland Judgment" – the Healthcare Services Judgment, Tennessee Valley Judgment, Endodontic Judgment, Bank of America Judgment, Pointer Judgment, and Midland Judgment collectively being the "Judgment Liens" and the parties holding such liens being the "Judgment Creditors").

## COUNT 1 – DECLARATORY JUDGMENT –
## 11 U.S.C. § 544(a), § 550 "STRONG ARM" POWER AND RELIEF UNAVAILABLE

45. Plaintiff incorporates each of the foregoing numbered paragraphs herein.

46. At the time Debtors filed the Voluntary Petition, the First Deed of Trust failed to describe the Property in such a way that included Lot 14, and the 2000 Deed of Trust and accompanying Release incorrectly identified the street address of the property that served as collateral. Nevertheless, these legally registered Deeds of Trust "placed subsequent creditors and purchasers on constructive notice." *In re Marsh*, 12 S.W.3d 449, 454 (Tenn. 2000).

47. Notwithstanding any underlying deficiencies, a reasonably cautious and prudent person—including the Trustee as a hypothetical lienholder under § 544(a) "strong arm" power—would have been on actual and/or constructive notice to investigate and ascertain as to the ultimate facts, for which "even a good faith failure to inquire is no defense." *Blevins v. Johnson Cnty.,* 746 S.W.2d 678, 682 (Tenn. 1988).

48. It is appropriate for the Court to enter a declaratory judgment finding that the Trustee's § 544(a) "strong-arm" power and accompanying relief under § 550 is unavailable in this case where the legally registered Deeds of Trust and requisite investigation under Tennessee law

would have provided actual and/or constructive notice of the cloud on title by the 2000 Deed of Trust and First Deed of Trust at the time of the Debtor's Voluntary Petition.

### COUNT 2 – DECLARATORY JUDGMENT AND EQUITABLE RELIEF – REFORMATION OF THE RELEASE AND RELEASE OF THE 2000 DEED OF TRUST

49. Plaintiff incorporates each of the foregoing numbered paragraphs herein.

50. The indebtedness secured by the 2000 Deed of Trust was refinanced and paid off by the indebtedness secured by the First Deed of Trust.

51. The Release incorrectly identifies a property by street address as the collateral for the 2000 Deed of Trust, *i.e.*, an address that is not the Property (the "Mistaken Address").

52. The incorrect address in the Release creates confusion as to whether the 2000 Deed of Trust continues to encumber title to any portion of the Property.

53. Plaintiff is entitled to entry of an equitable judgment reforming the Release to the end that Mistaken Address is corrected and the Release identifies the same property identified in the 2000 Deed of Trust, *i.e.*, 6002 Hancock Road, Chattanooga, TN 37421, more fully described in the 2000 Deed of Trust as Lot 15.

54. Plaintiff is entitled to entry of a judgment declaring that the 2000 Deed of Trust has been effectively released by the Release, notwithstanding the Mistaken Address appearing thereon.

### COUNT 3 – DECLARATORY JUDGMENT AND EQUITABLE RELIEF - REFORMATION OF THE FIRST DEED OF TRUST

55. Plaintiff incorporates each of the foregoing numbered paragraphs herein.

56. The failure of the First Deed of Trust to describe and convey the entirety of the Property, *i.e.*, including Lot 14, was the result of a mutual mistake in the legal description on the face of the First Deed of Trust among the parties to the First Deed of Trust and the secured lender identified therein (the "Mistaken Legal").

57. Plaintiff is entitled to entry of an equitable judgment reforming the First Deed of Trust to the end that Mistaken Legal is corrected and the First Deed of Trust identifies the entirety of the Property as security for the repayment of the indebtedness the First Deed of Trust secures.

58. Plaintiff is entitled to entry of a judgment declaring that the First Deed of Trust encumbers title to the entirety of the Property.

### COUNT 4 – DECLARATORY JUDGMENT AND EQUITABLE RELIEF AS TO RELATIVE PRIORITY OF LIENS

59. Plaintiff incorporates each of the foregoing numbered paragraphs herein.

60. The Judgment Creditors did not rely upon the public record or anticipate any particular lien position in obtaining the Judgment Liens.

61. The Mistaken Legal is readily identifiable by reference to the public records recited herein and exhibited hereto, to the end that the Judgment Creditors and the original parties and lender with respect to the Second Deed of Trust have always been on inquiry notice of the Mistaken Legal included on the First Deed of Trust by mistake and that the parties to and lender with respect to the First Deed of Trust always intended that the First Deed of Trust encumber title to the entirety of the Property.

62. Subordinating the liens of the Judgment Liens to the lien of the First Deed of Trust with respect to the Property is in all ways equitable and will not cause any of the Judgment Creditors or anyone claiming an interest in title to the Property by virtue of the Second Deed of Trust any undue prejudice.

63. Given the existence of the lien of the First Deed of Trust, which always encumbered title to the lands upon which a portion of the Dwelling is situated, it is not possible for a trustee with respect to the Second Deed of Trust to convey a valid interest in any portion of the Property, inasmuch as it is not possible to convey half of the Dwelling.

64. Plaintiff is entitled to entry of an equitable judgment subordinating the Judgment Liens and the Second Deed of Trust to the lien of the First Deed.

65. Plaintiff is entitled to entry of a judgment declaring that the liens of the Judgment Liens and the Second Deed of Trust are junior *vis-à-vis* the lien of the First Deed of Trust, with the corrected legal description Plaintiff requests in Count 5, hereinabove, to the end that foreclosure of the First Deed of Trust pursuant to the power of sale contained therein will convey title to the entirety of the Property, free and clear of all claims of all parties to this action and any non-parties claiming such rights pursuant to any unrecorded instruments.

## COUNT 5 – EQUITABLE RELIEF – QUIET TITLE

66. Plaintiff incorporates each of the foregoing numbered paragraphs herein.

67. It is appropriate for the Court to enter a judgment quieting title to the Property, subject first to the lien of the First Deed of Trust and further subject to the subordinate liens of the Second Deed of Trust and the Judgment Liens, in those instruments' order of recording.

**WHEREFORE**, Plaintiff requests the Court conduct such proceedings as may appropriate to adjudicate its cause of action and that the Court enter a Final Judgment declaring it has a first-priority lien with respect to the entirety of the Property *vis-à-vis* all Defendants and so quieting to the entirety of the Property.

This the 6th day of May, 2021.

          */s/ Matthew A. Grossman*_____
          Matthew A. Grossman (BPR No. 22107)
          Daniel P. Zydel (BPR No. 37666)
          **FRANTZ, MCCONNELL & SEYMOUR, LLP**
          P.O. Box 39
          Knoxville, TN 37901
          Email: mgrossman@fmsllp.com
          Email: dzydel@fmsllp.com
          (865) 546-9321
          *Attorneys for Plaintiff*

S:\WDOX\CLIENTS\5394\0000013\COMPLAIN\02210346.DOCX